# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LINDRELL E. MALONEY,

        Petitioner,    :    Case No. 3:19-cv-086

  - vs -                      District Judge Walter H. Rice
                               Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                                    :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 8).

The Report was filed March 27, 2019, which made Petitioner's Objections due seventeen days later on April 13, 2019, extended to Monday, April 15, 2019, by Fed.R.Civ.P. 6. When Maloney had filed nothing by April 22, 2019, Judge Rice adopted the Report (ECF No. 4). On April 23, 2019, Maloney mailed a request for extension of time (ECF No. 5) which the Magistrate Judge found to be moot because Judge Rice had already filed his Order (ECF No. 6). Nevertheless, Judge Rice had not entered judgement and therefore it is proper to consider the Objections.

The Report found that Maloney had been convicted of two counts of rape of a child under thirteen and two counts of sexual battery on the same victim, his natural daughter. He was sentenced to an aggregate term of fifteen years to life imprisonment. The convictions were

1

affirmed on appeal. *State v. Maloney*, Case No. C.A. 27269, 2018-Ohio-316 (2nd Dist. Jan. 26, 2018), appellate jurisdiction declined, 152 Ohio St. 3d 1482 (2018).

Maloney has filed six objections which will be considered seriatim.

**Objection One: Ineffective Assistance of Trial Counsel: Failure to Communicate Plea Offer**

In his Second Ground for Relief, Maloney claims he received ineffective assistance of trial counsel in a number of ways, one of which was failure to communicate a plea offer. Maloney raised this claim on direct appeal and the Second District rejected it because there was nothing in the record to support it. *Maloney*, 2018-Ohio-316 ¶ 57. The Report concluded any claim based on material outside the record was procedurally defaulted because such material must "be presented with a petition for post-conviction relief under Ohio Revised Code § 2953.21 and Maloney has not filed such a petition." (Report, ECF No. 3, PageID 32).

Maloney objects that he has sworn affidavits from persons to whom attorney Michael Thompson communicated the existence of a plea offer which Maloney claims he only learned about after trial (Objections, ECF No. 7, PageID 39-40). However, he does not claim that he ever filed a petition for post-conviction relief to enter those affidavits into the state court record. He attaches them to his Objections, but he cannot introduce them here for the first time. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Maloney's First Objection should be overruled.

**Objection Two: Ineffective Assistance of Trial Counsel: Failure to Subpoena Witnesses**

In his Second Objection Maloney complains of Attorney Thompson's failure to subpoena

Amy Dallaire, Dr. Charlotte Hanna, and Liz Roode, all of whom he believes would have given dispositive exculpatory testimony. However, this claim is also barred by Maloney's procedural default in failing to file a petition for post-conviction relief: since these witnesses did not testify at trial, what they would have testified to must be presented to the Ohio courts in a petition for post-conviction relief, which Maloney has never filed. The Second Objection should be overruled.

**Third Objection: *Brady* Violation**

Maloney complains in his Third Objection of the State's failure to provide the results of DNA testing performed by the Ohio Bureau of Criminal Identification in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In his Petition, however, he pleaded that his attorney was ineffective for failing to object to the State's disclosure of those results. The Petition does not raise a straight *Brady* claim and no such claim was raised on direct appeal. Claiming ineffective assistance of trial counsel for failure to raise a *Brady* claim is not the same thing as accusing the State of misconduct for failing to disclose. Maloney claims he has those results now, but does not say how he obtained them

Because Maloney did not raise a straight *Brady* claim either on direct appeal or in his Petition, his Third Objection should be overruled.

**Fourth Objection: Ineffective Assistance of Counsel: Failure to Call Liz Roode and Charlotte Hanna**

In his Fourth Objection, Maloney complains of Thompson's failure to call Liz Roode as a witness and failure to properly subpoena Dr. Charlotte Hanna (Objections, ECF No. 7, PageID 43-

45). Indeed, he accuses Thompson of lying to the court about when Hanna was subpoenaed and what time she was supposed to appear. *Id.* Here again this is not one of the ineffective assistance of trial counsel claims raised on direct appeal and it is not even pleaded in the Petition. To the extent that this claim would be proved by evidence outside the record which would show what Roode or Hanna would have testified to, the claim is procedurally defaulted by failure to present it in a post-conviction petition. The Fourth Objection should be overruled.

**Fifth Objection: Insufficiency of the Evidence; Ineffective Assistance of Trial Counsel**

In his Fifth Objection, Maloney points out that State's witness Dr. Depue, having examined the victim on the occasion of the allegations, founding no physical injuries, whereas the victim alleged he had "vigorously" fingered her. That contrast is there in the evidence and the Second District dealt with it on appeal, noting that the doctor also testified the absence of physical injury did not prove the offense had not happened. *Maloney*, 2018-Ohio-316, ¶¶ 36-47. The Report concluded the Second District's decision was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), the relevant Supreme Court precedent. (ECF No. 3, PageID 26.) The Fifth Objection merely reargues the claim.

Maloney also claims ineffective assistance of trial counsel in failure to cross-examine the Sexual Assault Nurse Examiner about the results of a colposcopy she did (ECF No. 7, PageID 47). However, he does not show how those results would have been favorable to him and any such evidence would have been required to be presented first in a petition for post-conviction relief, which was never filed. The Fifth Objection should be overruled.

**Sixth Objection: Ineffective Assistance of Trial Counsel: Failure to Interview Officer Anderson**

Maloney criticizes attorney Thompson for not interviewing Officer Anderson who, he says, could have testified to whether Maloney was patted down or not before being placed in the police cruiser (ECF No. 7, PageID 48). This claim was not raised on direct appeal or in a post-conviction petition and is therefore procedurally defaulted. It was also not in the Petition. The Sixth Objection should be overruled.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 13, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the

Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).